## Patterson *v.* Shaffer, Appellant.

*Contract—Written and oral agreement—Royalties—Conflicting evidence—Case for jury.*

In an action of assumpsit to recover royalties which the plaintiffs claimed had been collected by defendant under a contract partly in writing and partly oral, under which they were entitled to a share, the case is for the jury where the testimony is involved and conflicting, and the written part of the contract is ambiguous, and modified by the oral part.

Argued May 10, 1915. Appeal, No. 180, April T., 1915, by defendant, from judgment of C. P. Lawrence Co., March T., 1912, No. 22, on verdict for plaintiffs in case of Mamie S. Patterson, Edna Batteiger and Daisy Batteiger v. Mary J. Shaffer. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover share of royalties. Before PORTER, P. J.

At the trial it appeared that John Shaffer of Mahoning Township, Lawrence County, died on or about March 12, 1899, seized of a tract of land containing 119 acres in Mahoning Township, and by his will devised all his property, including his farm, to his wife, Mary J. Shaffer, for life, with remainder to his children and the plaintiffs who were children of a deceased daughter. This farm was underlaid with limestone and in his lifetime John Shaffer, along with his wife, Mary J. Shaffer, the defendant, had leased this limestone to the Carbon Limestone Company, and by the terms of the lease the royalties were payable to Mary J. Shaffer. This lease was in effect at the time of John Shaffer's death, and by agreement dated February 3, 1908, Mary J. Shaffer, the life-tenant, and the remaindermen joined in a written agreement by which they leased the limestone to the Carbon

Limestone Company and agreed to sell the said tract of land, reserving the limestone to the Carbon Limestone Company. This contract recited the lease made by John Shaffer in his lifetime, and that the life tenant and remaindermen were desirous of re-leasing the limestone, and then provided that the Carbon Limestone Company should make two payments amounting to thirty thousand dollars ($30,000.00) as advance royalties and should pay ten thousand dollars ($10,000.00) for the land, "which amounts are to be paid to the said Mary J. Shaffer and receipted for by her for the use and benefit of the several heirs of John Shaffer, deceased." The agreement then provided for royalties to be paid on the limestone as it was mined. These royalties to be paid under a provision mutually agreed to by the life tenant and the remaindermen, viz: "It is further understood and agreed that all moneys paid under this contract, other than the said forty thousand dollars ($40,000.00) first above mentioned, arising and growing out of the terms of this contract and during the life of the said Mary J. Shaffer shall be paid to the said Mary J. Shaffer or her authorized agent, and her receipt for the same shall fully protect the second party against any claim arising under this contract in favor of any of the heirs or descendants of the said John Shaffer, deceased; and at the decease of said Mary J. Shaffer it is agreed by the parties of the first part that they shall, in writing, choose a representative or trustee to whom said moneys, arising under this contract, shall be paid, and who shall be fully authorized to receipt for the same."

Under this provision the royalties were paid to Mary J. Shaffer.

The plaintiffs brought this assumpsit against Mary J. Shaffer to recover the one-eighth part of these royalties received by her, alleging that prior to the making of the written contract there was a joint and several verbal agreement entered into among the life tenant and all of the remaindermen by which the royalties were to be di-

315, (1915).]	Statement of Facts—Opinion of the Court.

vided into eight equal parts, one part to be retained by the life tenant and one-eighth to be paid to each of the remaindermen, the plaintiffs to receive one-eighth as representing the share of their mother. Mary J. Shaffer denied this agreement.

The case was submitted to the jury.

Verdict and judgment for plaintiffs for $1,458.33 Defendant appealed.

*Errors assigned* were (1-16) various rulings on evidence and instructions.

*J. Norman Martin,* with him *C. G. Martin, S. P. Emery* and *Norman A. Martin,* for appellant.

*Clyde V. Ailey,* with him *Mont L. Ailey,* for appellees.

OPINION BY ORLADY, J., October 11, 1915: ·

The written lease involved in this action is certainly ambiguous, and several important conditions were modified by an oral agreement of the parties, which provided for the disposition of the royalties not arranged for in the writing, and which, it was alleged, was the inducing cause, "to carry out said lease and sale of said land."

The case was presented to the court and jury with great care, each side submitting points for charge which were fully answered. The testimony was involved and conflicting, as is to be expected in controversies affecting the distribution of family funds; each of the parties was a witness in her own interest, and the whole question was finally resolved into an issue of fact as stated ·by the trial judge, "If you find that there was such an agreement, then you will return a verdict in favor of the plaintiffs. If you do not find from the evidence that there was such an agreement, then you will return a verdict in favor of the defendant."

The charge of the court properly disposed of every

question of law presented by counsel, and adequately submitted the disputed facts to the jury. We find no reversible error in the record, and affirm the judgment.